**In re Betty Sue SCHELDT, Debtor.**

**Bankruptcy No. 97–74642.**

United States Bankruptcy Court,
C.D. Illinois.

April 23, 1998.

James A. Pappas, Springfield, IL, for Debtor.

Elizabeth Collins, Assistant U.S. Attorney, Springfield, IL, for Objector, United States

Farmers Home Administration, Rural Development.

John H. Germeraad, Petersburg, IL, Chapter 13 Trustee.

## OPINION

BASIL H. COUTRAKON, Bankruptcy Judge.

Before the Court are Debtor's Chapter 13 Plan and the Objection thereto filed by the United States. At issue is whether a debtor, through a Chapter 13 plan, may cure a mortgage default after the mortgaged property has been sold at a foreclosure sale and after the sale has been confirmed, if the bankruptcy petition is filed before the extended special statutory redemption period has expired.

On January 24, 1995, Betty Sue Scheldt ("Debtor") obtained a rural housing loan from the United States Farmers Home Administration ("FmHA") in the amount of $41,280. The subject loan, which required monthly payments of $297.00, was secured by a real estate mortgage on Debtor's residence at 325 Orient Street, Carlinville, Illinois ("the subject property").

On December 20, 1996, the United States filed a foreclosure complaint against Debtor in the United States District Court for the Central District of Illinois. On April 30, 1997, the District Court entered a Judgment of Foreclosure. On October 3, 1997, Debtor's property was sold to Rural Development, United States Department of Agriculture ("Rural Development"), the successor agency to FmHA, for $37,900. On October 23, 1997, the District Court entered a Decree Confirming United States Marshal's Report of Sale of the subject property and entered a deficiency judgment against Debtor of $9,505.05. On November 3, 1997, the U.S. Marshal issued a Marshal's Deed conveying the property to Rural Development, and said deed was delivered to Rural Development.

On November 3, 1997, Debtor filed a motion before the District Court to set aside the foreclosure judgment. On December 18, 1997, the District Court denied Debtor's motion. Debtor has not appealed either the Decree Confirming Report of Sale or the denial of her motion to set aside the foreclosure judgment.

Because the mortgagee purchased the property at the foreclosure sale for less than the principal, interest, and costs owed, Debtor had a statutory "special right" to redeem the property under Illinois law. See 735 ILCS 5/15–1604. The special right to redeem allows certain mortgagors to regain their property by paying, within 30 days after the date the foreclosure sale is confirmed, the sale price plus all costs, expenses and statutory interest from the date of purchase. See 735 ILCS 5/15–1604(a). By statute, Debtor's special right to redeem expired November 23, 1997. FmHA, however, extended the period in which Debtor could exercise the special right to redeem to January 2, 1998.

On December 31, 1997, Debtor filed her Chapter 13 petition. Debtor filed her plan on January 15, 1998, wherein she proposed to make payments on the secured claim of the United States of $297.00 per month on the subject property. Debtor's plan also proposed to pay the arrearage in the amount of $6,269.11 plus reasonable interest on the secured claim of the United States. Finally, the plan provided that, upon payment of the arrearage, Debtor would seek an order from the Bankruptcy Court ordering the United States to "reinvest title in the property to the Debtor." Plan at p. 2.

On February 13, 1998, the United States filed its Objection to Chapter 13 Plan. The United States asserts that Debtor does not have title to the subject property as a result of the foreclosure sale, confirmation of sale, and issuance of the deed to the United States. The United States further asserts that the only interest Debtor had in the

subject property at the time her petition was filed was the right to exercise the special right to redeem pursuant to 735 ILCS 5/15–1604. This right, as extended by Section 108(b) of the Bankruptcy Code, has since expired.

Debtor responds that her special right to redeem did not expire until after she had filed her bankruptcy petition. Accordingly, she asserts that she has the right to redeem within the context of her Chapter 13 plan.

Section 1322 of the Bankruptcy Code provides in part as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may—

. . .

(2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .;

(3) provide for the curing or waiving of any default;

. . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due;

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law. . . .

11 U.S.C. § 1322.

The Illinois Mortgage Foreclosure Law, 735 ILCS 5/15–1101 *et seq.*, codifies the foreclosure process in Illinois. 735 ILCS 5/15–1508 provides that the person conducting a foreclosure sale shall promptly make a report to the court and that, upon notice and a hearing, and barring unconscionable terms, fraud or injustice, the court shall then enter an order confirming the sale. 735 ILCS 5/15–1509(a) provides that, after confirmation of the sale and payment of the purchase price, the person who conducted the sale shall promptly execute a deed to the purchaser sufficient to convey title. 735 ILCS 5/15–1509(b) provides that delivery of the deed executed on the sale of the real estate shall be sufficient to pass the title thereto.

■ Under current Illinois law, a debtor's residence is deemed "sold at a foreclosure sale", thus terminating the debtor's right to cure defaults under the cure provisions of Chapter 13, when the foreclosure has been confirmed. *Crawford v. First Nationwide Mortgage Corp.*, 217 B.R. 558 (N.D.Ill.1998). In *Crawford*, Judge Shadur acknowledged that Illinois state law is what the Illinois courts say it is, not what the federal courts (at any level of the judicial hierarchy) may think it should be. *Id.* at 559–60. That being the case, Judge Shadur found that, pursuant to the holding in *Citicorp Sav. of Ill. v. First Chicago Trust Co. of Ill.*, 269 Ill.App.3d 293, 206 Ill.Dec. 786, 645 N.E.2d 1038 (1st Dist. 1995), a foreclosure sale is deemed complete at the time the court confirms the sale.

Applying this holding to Section 1322(c)(1) led the *Crawford* court to the conclusion that the debtor's rights to cure a default were terminated with the confirmation of the foreclosure sale.

This Court finds the rationale in *Crawford* to be persuasive. Accordingly, the Court finds that Debtor's rights to cure the default under the mortgage terminated pre-petition on October 23, 1997, when Judge Mills entered his Decree Confirming U.S. Marshal's Report of Sale.

■ With regard, however, to Debtor's special right of redemption, this right was admittedly still in effect at the time she filed her petition herein, and was extended for 60 days pursuant to Section 108(b) of the Bankruptcy Code. However, the law in the Seventh Circuit, as expressed in *In re Tynan*, 773 F.2d 177 (7th Cir.1985), clearly states that when a petition in bankruptcy is filed before the expiration of a redemption period, only the statutory right to redemption, and not the real property sold at the sheriff's

sale, becomes property of the estate. Accordingly, a debtor's ownership interest in real property, if already terminated, is not reinstated or resurrected by the statutory right of redemption. Only if a debtor exercises the right of redemption does the debtor reacquire an interest in the real property.

In *Tynan,* neither the debtors nor the trustee redeemed the property within the 60–day extension period of Section 108(b), and the Court declined Debtors' invitation to toll the running of the redemption period until the Chapter 13 plan was completed. The Court found that if it were to adopt this position, it would place a cloud on every title secured through a foreclosure sale due to the possible filing of a voluntary petition in bankruptcy during the statutory redemption period. *Id. at* 179. Accordingly, the Court held that the automatic stay provisions of Section 362 do not toll the running of the redemption period, and that Section 108(b) provides the only extension of time available to the Debtors.

For these reasons, the Court finds that Debtor's statutory right of redemption expired, pursuant to Section 108(b), sixty days after December 31, 1997, the date on which her case was filed. As Debtor did not exercise her statutory right of redemption during that time period, and as the filing of the bankruptcy petition did not toll the running of the redemption period, Debtor no longer has any claim in or to the subject property. Under the terms of the Illinois Mortgage Foreclosure Law and the *Crawford* holding, legal title to the subject property has already passed to the United States with the confirmation of the foreclosure sale. As Debtor no longer has any interest in the property, the Objection to Confirmation must be sustained and confirmation of Debtor's Chapter 13 Plan must be denied.